1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DARRELL EUGENE JOHNSON,                    No.  2:21-CV-2348-WBS-DMC-P

12          Plaintiff,

13     v.                                     <u>FINDINGS AND RECOMMENDATIONS</u>

14 KATHLEEN ALLISON, et al.,

15          Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss. <u>See</u> ECF No. 30.

19 Defendants have filed a request for judicial notice in support of their motion. <u>See</u> ECF No 30-2.

20 Plaintiff has filed an opposition. <u>See</u> ECF No. 34. Defendants have not filed a reply.

21          In considering a motion to dismiss, the Court must accept all allegations of

22 material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). The

23 Court must also construe the alleged facts in the light most favorable to the plaintiff. <u>See</u> <u>Scheuer</u>

24 <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

25 738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All

26 ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

27 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

28 factual allegations, need not be accepted. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

1

1   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2   See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

4   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

5   notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

6   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order

7   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

8   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

9   allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The

10  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

11  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

12  to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

13  129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks

14  for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly,

15  550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

16  liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."

17  Id. (quoting Twombly, 550 U.S. at 557).

18          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

19  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

20  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1)

21  documents whose contents are alleged in or attached to the complaint and whose authenticity no

22  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

23  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

24  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

25  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

26  1994).

27  / / /

28  / / /

2

1    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2    amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4

5                            **I. PLAINTIFF'S ALLEGATIONS**

6    This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff

7    names the following as defendants: (1) Secretary of the California Department of Corrections and

8    Rehabilitation (CDCR), Kathleen Allison (erroneously sued as Kathleen Allen); and (2) Warden

9    of California State Prison – Solano (Solano), G. Matteson.  Plaintiff alleges that his Eighth

10   Amendment right was violated when he was moved from California Men's Colony (CMC) to

11   Solano on February 14-15, 2020, where he contracted Covid-19 on December 24, 2020; ten

12   months after being transferred. Id. Plaintiff alleges that he was transferred to Solano after

13   California Governor Newsom enacted a halt on all prison intake and transfers in response to

14   Covid-19. Id.

15

16                                   **II. DISCUSSION**

17   In their motion to dismiss, Defendants primarily argue that Plaintiff fails to state a

18   claim because he was transferred to Solano before the Covid-19 pandemic restrictions

19   commenced and Plaintiff fails to allege facts to show that his transfer was the proximate cause of

20   his Covid-19 diagnosis.

21   "Traditionally, the requirements for relief under [§] 1983 have been articulated as:

22   (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately

23   caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947

24   F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that

25   (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the

26   Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986);

27   see also Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021); Pistor v. Garcia,

28   791 F. 3d 1104, 1114 (9th Cir. 2015); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th

1    Cir. 2006); WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).

2            The treatment a prisoner receives in prison and the conditions under which the

3    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

4    and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

5    511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

6    of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

7    (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

8    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

9    "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

10   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

11   two requirements are met: (1) objectively, the official's act or omission must be so serious such

12   that it results in the denial of the minimal civilized measure of life's necessities; and (2)

13   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

14   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

15   official must have a "sufficiently culpable mind."  See id.

16           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

17   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

18   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

19   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by

20   Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to

21   treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

22   wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

23   on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

24   also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness

25   are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

26   whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

27   condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

28   1131-32 (9th Cir. 2000) (en banc).

4

1    The requirement of deliberate indifference is less stringent in medical needs cases

2    than in other Eighth Amendment contexts because the responsibility to provide inmates with

3    medical care does not generally conflict with competing penological concerns.  See McGuckin,

4    974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

5    decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

6    1989).

7    Defendants raise two arguments.  First, Defendants contend that, to the extent

8    Plaintiff's claim is based on being transferred to Solano after the Governor's executive order

9    barring inmate transfers due to the Covid-19 pandemic, Plaintiff cannot meet the causation

10    element because he was in fact transferred prior to issuance of the executive order.  Second,

11    Defendants contend that, to the extent Plaintiff's claim is based on contracting Covid-19

12    following his transfer to Solano, Plaintiff cannot meet the causation element because he

13    contracted Covid-19 ten months following his transfer.  For the reasons discussed below, the

14    Court agrees.

15    In support of their motion to dismiss, Defendants ask the Court to take judicial

16    notice of Governor Newsom's executive order barring inmate transfers.  See ECF No. 30-2,

17    Exhibit A.  The Court will recommend this request be granted.  Exhibit A reveals that Governor

18    Newsom signed the executive order on March 24, 2020.  According to Plaintiff, he was

19    transferred to Solano a month earlier in mid-February 2020.  Thus, as Defendants note, Plaintiff's

20    transfer to Solano did not contravene the executive order barring inmate transfers.  Thus, Plaintiff

21    cannot show that his rights were violated because of a transfer carried out in contravention of the

22    executive order.  Moreover, as Defendants also note, at the time of Plaintiff's transfer in February

23    2020, the Covid-19 pandemic was in very early stages and not yet widespread throughout the

24    United States. The Court agrees with Defendants that, at that time, there was no basis to conclude

25    that the decision to transfer Plaintiff would create a risk to his health resulting from exposure to

26    Covid-19.  See Cooper v. Allison, 2021 WL 1759448, at *4 (N.D. Cal. 2021).

27    / / /

28    / / /

5

1          If Plaintiff's claim is based on contracting Covid-19 following his transfer to

2    Solano in February 2020, the Court also agrees with Defendants that Plaintiff cannot establish the

3    proximate cause element of the claim.  Specifically, Plaintiff states that he contracted the virus in

4    December 2020 – ten months following his transfer.  Given the amount of time that elapsed

5    between Plaintiff's transfer in February 2020 and the date he contracted Covid-19 in December

6    2020, Plaintiff cannot establish that the transfer was the cause of his contracting the virus.

7          Plaintiff alleges additional facts in his opposition brief which, if included with the

8    original complaint, might change the Court's analysis.  The Court, however, cannot consider

9    those additional allegations because "[i]n determining the propriety of a Rule 12(b)(6) dismissal,

10   a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum

11   in opposition to a defendant's motion to dismiss." See Broam v. Bogan, 320 F.3d 1023, 1026 n. 2

12   (9th Cir. 2003) (citing Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir.1998).

13   To provide Plaintiff the fullest opportunity to present his case, the Court will recommend that he

14   be provided an opportunity to amend to include the allegations first asserted in his opposition

15   brief.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

### III. CONCLUSION

2          Based on the foregoing, the undersigned recommends that:

3          1.       Defendants' request for judicial notice, ECF No. 30-2, be granted;

4          2.       Defendants' motion to dismiss, ECF No. 30, be granted; and

5          3.       Plaintiff's complaint be dismissed with leave to amend.

6          These findings and recommendations are submitted to the United States District

7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

8 after being served with these findings and recommendations, any party may file written objections

9 with the Court. Responses to objections shall be filed within 14 days after service of objections.

10 Failure to file objections within the specified time may waive the right to appeal. See Martinez v.

11 Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13 Dated:  February 9, 2023

14

                                   DENNIS M. COTA
15                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28