IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL EUGENE JOHNSON,

Plaintiff,

v.

KATHLEEN ALLISON, et al.,

Defendants.

No.  2:21-CV-2348-WBS-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss, ECF No. 47. Plaintiff has not filed an opposition.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1   See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///
///
///

Furthermore, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**I. BACKGROUND**

**A.  Procedural History**

Plaintiff initiated this action with a civil rights complaint naming the following as defendants: (1) the California Department of Corrections and Rehabilitation ("CDCR); (2) Kathleen Allison, the Secretary of the CDCR at the time the complaint was filed; and (3) G. Matteson, the Warden at California State Prison – Solano at the time the complaint was filed. See ECF No. 1. On March 23, 2022, the Court determined the complaint was appropriate for service on the individual defendants, see ECF No. 18, and recommended that CDCR be dismissed as an immune defendant, see ECF No. 22. A wavier of service as to Defendants Allison and Matteson was returned executed on April 11, 2022. See ECF No. 28. On May 23, 2022, Defendants Allison and Matteson filed a motion to dismiss the original complaint. See ECF No. 30. The District Judge adopted the March 23, 2022, findings and recommendations on October 4, 2022, and CDCR was dismissed as a defendant to this action. See ECF No. 38.

/ / /

/ / /

On February 9, 2023, the Court issued findings and recommendations that the remaining defendants' motion to dismiss be granted for failure to state a claim and that Plaintiff be provided leave to amend. See ECF No. 43. Plaintiff prematurely filed an amended complaint on February 23, 2023. See ECF No. 45 (labeled and docketed as "Fourth Amended Complaint"). On March 30, 2023, the District Judge adopted the February 9, 2023, findings and recommendations and deemed the February 23, 2023, amended complaint as properly filed. See ECF No. 46. Defendants filed the pending unopposed motion to dismiss on April 28, 2023. See ECF No. 47.

### B. Plaintiff's Allegations

This action now proceeds on Plaintiff's first amended complaint labeled "Fourth Amended Complaint." Plaintiff names the following as defendants: (1) Kathleen Allison; (2) G. Matteson; (3) Ralph Diaz, the former secretary of the CDCR; and (4) J Does 1-10. See ECF No. 45, pgs. 1-2.

Plaintiff alleges the events outlined in the amended complaint took place at California State Prison – Solano. See ECF No. 45, pg. 1. Plaintiff states that he is a qualified individual with a disability who is entitled to protections under the Americans with Disabilities Act (hereinafter "ADA"). See ECF No. 45, pg. 3. Plaintiff adds that "my medical and mental health will show I'm suppose[d] to be a protected class group under [the] ADA". Id. Plaintiff alleges that the named defendants and other employees violated Plaintiff's rights by failing to protect Plaintiff's health and safety from other sick inmates. See id.

More specifically, Plaintiff alleges Defendants moved inmates from San Quentin State Prison, Chino State Prison, and Lancaster State Prison in violation of Governor Gavin Newsom's Executive Order which directed the temporary halting of inmate transfers. See id. Plaintiff states that Defendants' actions caused Plaintiff to contract COVID-19 on two occasions during his stay at Solano State Prison resulting in "long term effects." See id. at 1. Plaintiff adds that he was "[d]enied access to all programs period." Id. at 3.

///
///

## II. DISCUSSION

In their current motion to dismiss, as with their first motion to dismiss, Defendants argue that Plaintiff fails to state a claim under the Eighth Amendment because he cannot allege facts showing causation. See ECF No. 47. Defendants also now argue that Plaintiff fails to state a claim under the ADA. See id.

Plaintiff failed to file any opposition to the current motion. Pursuant to Eastern District of California Local Rule 230(c), (l), the Court may construe the failure to oppose a motion as the non-moving party's non-opposition to the relief requested, in this case dismissal for failure to state a claim upon which relief can be granted. Given the lack of opposition, it is reasonable to conclude that Plaintiff agrees with Defendants that, despite the guidance provided by way of the Court's prior ruling, the facts alleged simply do not sustain a viable claim. Though application of Local Rule 230(c), (l) would provide a sufficient basis to recommend dismissal, given Plaintiff's pro se and custody status the Court will nonetheless address Defendants' specific arguments. For the reasons discussed below, the Court finds that Plaintiff continues to fail to state a cognizable claim and that the action should be dismissed without further leave to amend.

### A. Eighth Amendment Claim

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm. See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

///

///

///

In the pending motion to dismiss, Defendants renew their previous contention regarding the original complaint and argue that Plaintiff fails to state a deliberate indifference claim under the Eighth Amendment because he cannot establish causation. See ECF No. 47, pg. 4. According to Defendants:

> Here, the allegations regarding Plaintiff's transfer fail to state a claim because there is no indication that any transfer is the proximate cause of Plaintiff's COVID-19 diagnosis. Plaintiff's prior pleading alleges that he contracted COVID-19 on or about December 24, 2020. See Pl.'s Compl. at pp 3-4, ECF 1.) Innumerable events occurred in the first year of the pandemic that could have contributed to Plaintiff eventually contracting COVID-19 in December 2020. New information about the virus and its epidemiological characteristics were being released on a near daily basis. Plaintiff's allegation that other inmates were transferred before Plaintiff contracted COVID-19 is facially insufficient to establish that any transfer was both the but-for and proximate cause of him contracting COVID-19. (citations omitted).

ECF No. 47, pg. 4.

The Court agrees that Plaintiff fails to allege sufficient facts to establish that Defendants' role in transferring inmates into Solano State Prison was the actual and proximate cause of Plaintiff's COVID-19 infections. In addressing causation in the context of the prior motion to dismiss the original complaint, the Court stated:

> . . . Moreover, as Defendants also note, at the time of Plaintiff's transfer in February 2020, the Covid-19 pandemic was in very early stages and not yet widespread throughout the United States. The Court agrees with Defendants that, at that time, there was no basis to conclude that the decision to transfer Plaintiff would create a risk to his health resulting from exposure to Covid-19. See Cooper v. Allison, 2021 WL 1759448, at *4 (N.D. Cal. 2021).
> If Plaintiff's claim is based on contracting Covid-19 following his transfer to Solano in February 2020, the Court also agrees with Defendants that Plaintiff cannot establish the proximate cause element of the claim. Specifically, Plaintiff states that he contracted the virus in December 2020 – ten months following his transfer. Given the amount of time that elapsed between Plaintiff's transfer in February 2020 and the date he contracted Covid-19 in December 2020, Plaintiff cannot establish that the transfer was the cause of his contracting the virus.

ECF No. 43.

///
///
///

As with the original complain, Plaintiff's amended complaint lacks allegations regarding the specific actions of Defendants which suggest their deliberate indifference to Plaintiff's risk of harm. The conclusory allegation that Defendants failed to protect Plaintiff because they allowed inmate transfers to occur and Plaintiff later contracted COVID-19 amidst a global pandemic is too attenuated to hold Defendants' liable.  Plaintiff has been advised of this pleading defect and has failed to cure it or oppose the pending motion raising this issue for the second time.  The Court does not recommend further leave to amend.

### B.     ADA Claim

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C § 12182. The Supreme Court has held that the ADA applies to prisoners in state correctional facilities. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."
>
> McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

Furthermore, to bring a claim under the ADA against the named Defendants, Plaintiff's claims must be brought against the individual defendants in their official capacities because "[t]he ADA applies only to public entities." Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); 42 U.S.C. § 12131(1)(A)-(B) (defining a public entity under the ADA as any state or local government or agency of a state or local government); see also Gable v. Wash. Corr. Ctr. For Women, 857 F. App'x 918, 919 (9th Cir. 2021) (individuals not liable under Title II of the ADA); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001)

8

("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted))

With respect to Defendants' argument that Plaintiff fails to state an ADA claim, Defendants argue Plaintiff's amended complaint is insufficient because:

> [H]e does not identify any service, program, or activity that Defendants excluded his participation in or denied him the benefits of. In addition, Plaintiff fails to present any facts to support discrimination "by reason of disability." Id. To recover monetary damages under Title II of the ADA or the RA, a plaintiff must establish intentional discrimination on the part of the Defendants. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir.1998). Here, Plaintiff fails to allege facts allowing an inference of intentional discrimination by Defendants, which is absolutely required to recover monetary damages. (citation omitted).

ECF No. 47, pg. 3.

The Court finds Defendants' argument persuasive and agrees that Plaintiff fails to allege sufficient facts to state a claim for relief under the ADA. While Plaintiff's operative complaint does state that he is an individual with a disability who was "[d]enied access to all programs period," Plaintiff does not state nature of his claimed disability, let alone allege that a denial of access was caused by reason of a disability. See ECF No. 45, pg. 3.

In light of the Court's discussion above regarding Plaintiff's inability to establish causation, Plaintiff is unable to establish the causation aspect of an ADA claim requiring Plaintiff to show that Defendants caused a denial of benefits because of Plaintiff's disability. Thus, amendment of Plaintiff's ADA claim would be futile and the Court recommend the claim be dismissed with prejudice.

///
///
///
///
///
///
///
///

9

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' unopposed motion to dismiss, ECF No. 47, be granted and that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 14, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE